Jiang v. Holder

BIA
Christensen, IJ
A088 349 487

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT:
>        ROSEMARY S. POOLER,
>        RICHARD C. WESLEY,
>        CHRISTOPHER F. DRONEY,
>            *Circuit Judges*.

_____

SHIFENG JIANG,
>        *Petitioner*,

>        v.                                    12-4793
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shifeng Jiang, a native and citizen of the People's Republic of China, seeks review of a November 14, 2012, decision of the BIA, affirming the December 22, 2010, decision of Immigration Judge ("IJ") Jesse B. Christensen, denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shifeng Jiang*, No. A088 349 487 (B.I.A. Nov. 14, 2012), *aff'g* No. A088 349 487 (Immig. Ct. N.Y. City Dec. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a

2

credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Jiang was not credible.

In finding him not credible, the IJ reasonably relied on Jiang's demeanor, noting that his manner and answers changed when confronted with record inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the hearing transcript.

The IJ's adverse credibility determination is further supported by specific examples of contradictory statements. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Indeed, the IJ reasonably found inconsistencies and omissions in record evidence related to the circumstances surrounding Jiang's employment as a guard

for a village chief, the beating that he purportedly suffered, and the location of his practice of Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166 n.3. Jiang failed to provide compelling explanations for the discrepancies in the record. *See Majidi*, 430 F.3d at 80-81.

Given the demeanor and inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence, and was dispositive of Jiang's claims for asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4